## APONAUG MFG. CO. v. BOWLES.

## DELTA SALES CORPORATION v. SAME.

### Nos. 11771, 11770.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1947.

Rehearing Denied July 1, 1947.

No. 11771:

Ben F. Cameron and Lester Wills, both of Meridian, Miss., and Forrest B. Jackson, George E. Shaw and Robert E. Perry, all of Jackson, Miss., for appellants.

David London, Albert M. Dreyer, and Norma G. Zarky, all of Washington, D. C., for appellee.

No. 11770:

David London, Albert M. Dreyer, and Norma G. Zarky, all of Washington, D. C., and Edward N. Vaden, of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

## PER CURIAM.

One appellant, Aponaug Manufacturing Company, was in 1944 and 1945 a manufacturer and seller of cotton goods which fell under the Office of Price Administration, and the other appellant, Delta Sales Corporation, was its selling broker. Under Section 202(a) of the Act,[1] the appellee, the Administrator, was authorized "to conduct such hearings, and to obtain such information as he deems necessary or proper to assist him * * * in the administration and enforcement of this Act and regulations, orders and price schedules thereunder"; and under (b) "by regulation or order, to require any person who is engaged in the business of dealing with any commodity * * * or acts as broker * * * to furnish any such information under oath or affirmation or otherwise * * * and he may require any such person to permit the inspection and copying of records", etc. Authority is given also to administer oaths and when necessary to subpoena any person to testify or produce documents. In February, 1946, the appellants were required by subpoenas issued in blank by the Administrator to produce for inspection by certain agents numerous books and records, served on persons supposed to be in charge of them, and later substantially the same books and records were required to be produced by "inspection requirements" issued by the "Acting District Director" of the Office of Price Administration at Jackson, Mississippi. The books not being produced, the District Court was by separate petitions against each appellant asked to require such production. These petitions were in the name of the Administrator and were signed by an attorney as Acting District Enforcement Attorney, who testifies he was such at the time.

On a hearing the subpoenas were held invalid because of alterations and no appeal is taken from that ruling, so they pass out of the case. The "inspection requirements" were held good and not too onerous, though many of the records had been inspected before, and a civil suit had been filed against Aponaug based on that inspection.

---

[1] 50 U.S.C.A. Appendix. § 922(a).

4

Other objects were in view for the present inspection. The appeals are from these conclusions and the orders requiring obedience.

The Supreme Court in Fleming, Administrator v. Mohawk Wrecking & Lumber Co., 67 S.Ct. 1129, has settled that the Administrator has validly delegated inspection and subpoena powers to his subordinates, including his District Directors, under his Revised General Order 53. His Field Administration Letter No. 18 authorizes the written designation of responsible staff members to act in the absence of the several Regional, State, and District Administrators and Managers. Nothing appearing to the contrary, we should, on the presumption of the regularity of official acts, regard the officials in this case signing as "Acting" officials, as possessing the authority provided for. Moreover the Administrator himself appeared in court by an attorney of the bar who testifies to his employment as such in the Office of Price Administration, and who acts under Revised General Order No. 3, 9 F.R. 11,137; and the Administrator is asking enforcement of, and thereby ratifying, the inspection requirements. The district judge was warranted in concluding these were authorized. The Administrator now appears by other counsel in this court insisting on enforcement, and their authority is unquestioned.

Whether under the circumstances the inspection requirements were unreasonably burdensome was a question for the district judge. We see no sufficient cause to overrule his conclusion. Some of the burdensome circumstances have now passed away probably. Books which a year ago were under inspection in Atlanta are probably now back in Mississippi and records which were needed for the conduct of current business in February, 1946, are probably not so needed now. We direct, however, that the orders of the District Court be modified so as to reserve jurisdiction to reconsider them in the event it should hereafter appear that the examination is being unreasonably extended or oppressively exercised.

The judgments for enforcement as modified are affirmed.